IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | CRIMINAL NO. 08-217 (ADC) |
| [4] VICTOR APONTE-APONTE, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Defendant Victor Aponte-Aponte was charged in Counts One (1) through Forty-Four (44), of an Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges that, from on or about June 15, 2005, and continuing through on or about August 17, 2005, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendant Victor Aponte-Aponte and other defendants known and unknown to the Grand Jury, did knowingly and willfully conspire to commit an offense against the United States, that is, having devised a scheme and artifice to defraud a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that is, Medicare; and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, that is, the defendants knowingly submitted and caused to be submitted to Medicare, through Triple S (the Medicare Part B carrier), false and fraudulent claims for the cost of infusion therapy treatments of Rituximab. All in violation of Title 18, United States Code, Section 1347 and 1349.

On January 12, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Víctor Aponte-Aponte [4]
Criminal No. 08-217 (ADC)
Report and Recommendation
Page 2

     Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication[2], drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

     Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Joannie Plaza-Martínez, from the Federal Public Defender's Office, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

     Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant stated he had taken Enalapril (20 mg once a day) for his hypertension within 24 hours prior to the change of plea hearing. Nonetheless, he indicated the intake of that medication does not affect him in understanding the proceedings.

United States of America v. Víctor Aponte-Aponte [4]
Criminal No. 08-217 (ADC)
Report and Recommendation
Page 3

testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Plaza-Martínez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not more than (10) years and/or a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a term of supervised release of not more than three (3) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been

offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is of Six (6). Pursuant to U.S.S.G. § 2B1.1(b)(1)(C), a four (4) level increase is warranted for loss of more than $10,000, but less than $30,000. Pursuant to U.S.S.G. § 3B1.3, a two (2) level increase is warranted for abuse of position of trust. Pursuant to U.S.S.G. § 3B1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Ten (10), yielding an imprisonment range of six (6) to twelve (12) months assuming a Criminal History Category of One.

Pursuant to paragraph 8, if at the time of sentencing hearing the defendant possesses a Criminal History Category of One, the United States will recommend the lower end of the guidelines of six (6) months of imprisonment. The defendant will be allowed to argue for a downward departure.

United States of America v. Víctor Aponte-Aponte [4]
Criminal No. 08-217 (ADC)
Report and Recommendation
Page 5

Pursuant to paragraph 9, the United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties, with the exception that the defendant will be allowed to argue against the application of 3B1.3 enhancement for Abuse of Position of Trust for a downward departure. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

Pursuant to paragraph 10, the parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States agrees to recommend a dismissal of the remaining counts of the Indictment which were filed against the defendant with the exception of the forfeiture count found in Count Forty-Four (44), pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of Facts", which defendant did not sign, but accepted orally there is a basis in fact for which the government could have established all elements of the offense

charged in Count One at trial with the available evidence. Counsel for defendant stated for the record that paragraphs one (1) and two (2) of the "Government's Version of Facts", which contain the elements of the offense, were accepted by his client. Nonetheless, a part of paragraph three (3), as properly marked in the original Agreement, is not accepted by his client.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with his counsel and stated he understood the consequences of the same.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One and was what he had done and to which he was pleading guilty during these proceedings. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 08–217 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 08-217 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 13th day of January of 2009.

                                                    s/ CAMILLE L. VELEZ-RIVE
                                                   CAMILLE L. VELEZ-RIVE
                                                   UNITED STATES MAGISTRATE JUDGE